Abanoob Abdel-Malak
(Name)

12159 Harvest Avenue
(Address)

Norwalk, CA 90650
(City, State, Zip)

ava@sinaillc.com
(CDCR / Booking / BOP No.)

(310) 776-5915

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2020 JUN -9 PM 1:27

CLERK _____
SO. DIST. OF GA.

# United States District Court
## Southern District of Georgia

Abanoob Abdel-Malak
(Enter full name of plaintiff in this action.)

       Plaintiff,

v.

United States Marshall,
Federal Bureau of
Investigations,
JOHN DOE, JANE
DOE
(Enter full name of each defendant in this action.)

       Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CV420-128

Civil Case No._____
(To be supplied by Court Clerk)

**Civil Rights Complaint**
per 28 U.S.C. § 1331
and *Bivens v. Six Unknown
Named Agents of Federal Bureau
of Narcotics*, 403 U.S. 388 (1971)

Request to Amend

Regist to E-File

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1331and *Bivens*. If you wish to assert jurisdiction under different or additional authority, list them below.

Jurisdiction exists because of U.S. Constitutional Violation, and pursuant 42 § 1983, 1985, 1986, 1988.

## B. Parties

1. <u>Plaintiff</u>:  This complaint alleges that the civil rights of Plaintiff, Abanoob Abdel-Malak
(print Plaintiff's name)
_____, who presently resides at 12159 Harvest Avenue
(mailing address or place of confinement)
Norwalk, California _____, were violated by the actions of the below named individuals.  The actions were directed against Plaintiff at inside the United States District Court on (dates) September, 11, and 2019.
(institution/place where violation occurred)   (Count 1)   (Count 2)   (Count 3)
in Savannah

Bivens SD Form
(Rev. 8/15)

-1-

2. <u>Defendants</u>:  (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant <u>United States Marshall</u> resides in <u>Catham County</u> ,
     (name)            (County of residence)

and is employed as a <u>the U.S. Entity</u> . This defendant is sued in
        (defendant's position/title (if any))

his/her ☐ individual ☒ official capacity.  (Check one or both.)  Explain how this defendant was acting under

color of law: <u>by working and holding an</u>
<u>office inside the U.S. District Court</u>
<u>in Savannah, Georgia.</u>

Defendant <u>Federal Bureau of Investig.</u> resides in <u>Catham County</u> ,
     (name)           (County of residence)

and is employed as a <u>U.S. Entity</u> . This defendant is sued in
        (defendant's position/title (if any))

his/her ☒ individual ☒ official capacity.  (Check one or both.)  Explain how this defendant was acting under

color of law: <u>has the ability to hire undercover</u>
<u>officer and/or agents.</u>

Defendant <u>John Doe</u> resides in <u>Catham County</u> ,
     (name)           (County of residence)

and is employed as a <u>United States Marshall</u> . This defendant is sued in
        (defendant's position/title (if any))

his/her ☒ individual ☒ official capacity.  (Check one or both.)  Explain how this defendant was acting under

color of law: <u>refused to provide me his name</u>
<u>and refused to make a police report.</u>

Defendant <u>Jane Doe</u> resides in <u>Catham County</u> ,
     (name)           (County of residence)

and is employed as a <u>United States Marshall</u> . This defendant is sued in
        (defendant's position/title (if any))

his/her ☒ individual ☒ official capacity.  (Check one or both.)  Explain how this defendant was acting under

color of law: <u>refused to provide me with her</u>
<u>name and refused to make me a police</u>
<u>report.</u>

# FACTS

32,   Listens to my call on March 13, 2019, hence how they knew I would be there on March 14, 2019.

Explain march 12, April 2, 3, 4. Etc.

31.   Explain briefly the Riverside DVRI 1901830: the type, details, consequences, etc.

32.   When the case was filed, a pending case in San Bernardino County, so I was denied due process in San Bernardino, and my signature was forged on a Stipulation to have my San Bernardino Case moved to Riverside, hence why I am denied certified copies and denied the right to file court documents, which then led to my false arrest.

## I: PRIOR TO FALSE ARREST

30.   On March 14th, 2019 Bailiff F. Wilkerson and Court Reporter Karen Diggs #7789, and Deputy Amber Bouchard forged my signature on a "Stipulation for Judge Pro Temp" and filed it at the San Bernardino Family Court House, case FAMSS 1901320. They misspelled my name and hand-wrote "ABANOOD MALAK v. DESIREE N PIERCE." (See attached court transcript and document.) My name is spelled "ABANOOB ABDEL-MALAK," as it is spelled on all other court documents. The forged stipulation form was filled out in handwriting that is obviously not my own, even using a date convention that I do not customarily use. The fact that the forged signature is on the right side of the form raises the suspicion that the forged signature may be intended to be transferred to other different documents, and suggests why the Riverside County Family Courthouse refuses to allow me to purchase a certified copy of the document. This is a clear example of the Plaintiff acting in bad faith. Removal to a federal court will allow me to subpoena this document and others from the Riverside County Family Courthouse.  [FAMSS 1901320] This document was to have my San Bernardino Case transferred to Riverside Family Court House where a Restraining Order and Criminal Case was pending against me, DVRI 1901830.

31.   On March 21st, 2019 I purchased Copies of all court document's filed regarding this case DVRI 1901830, the document's I purchased did not have all have the same clerk stamp date(s) of the March 12th, 2019, the date(s) it was filed was March 13th, 2019. The court clerk named Tiffany from RIVERSIDE SUPERIOR COURT, refused to issue me subpoena's.

- 3 -

32.     On March 25th, 2019, I requested time stamped and court all certified court document's filed pertaining to this case, Deputy K, Williams, refused to let me purchase copies.

33.     On March 25th, 2019,  after I walk outside the court house, I attempted to call 911 to make a police report but the operator states I cannot make a police report and Bailiff H. Lopez, refuses to allow me to make a police report regarding the perjury and court clerk refusing to allow me to purchase certified copies. Bailiff H. Lopez, is the Deputy who falsely arrested me on July 1st, 2019 for attempting to file court documents.

34.     On March 26, 2019, I call 911 and request to make a police report about the forged document at the San Bernardino County Law Library parking lot in Rancho Cucamonga, the Reporting Officer from Rancho Cucamonga Police of San Bernardino County Sheriff Department refuses to make the police report and instead attempts to say: "Have you been drinking sir?" Until, I state please speak to my attorney.

34.     On March 27, 2019, I attempt to file an Ex-Parte at the San Bernardino Family Court House explaining that I did not file or sign the Stipulation on March 14, 2019 and that I am requesting an attorney as soon as possible, while attempting to file the document, F. Wilkerman is harassing me and attempted to arrest me, but until I tell her if she arrests me than I request an attorney as soon as possible. The Court clerks makes it difficult for me to file the documents and deny my court documents, see attached March 27, 2019 incident.

35.     On March 29, 2019, I make a police report with the City of Fontana, the officer states there is no restraining order on file against me.

36.     On April 2nd, 2019, the Petitioner's Father, David Pierce, pushes my sister and scares my mom while walking between my sister, and mother at 8:28 a.m., 2 minutes before our scheduled hearing for my DV case FAMSS 1901320, at 8:30 a.m. at the San Bernardino Court House in front of courtroom S55. Due to David Pierce harassing and scaring my Mother & Sister, I refused to bring them to my hearing as witnesses on April 3rd. 2019 as well as speak out loud regarding the evidence I have of Parent Abuse. My sister went to file a Police Report, # 801900050. The police report did not describe what the real incident was. The Reporting Officer wrote the wrong information and stated the crime was an "incident".

-4-

37. On April 2nd, 2019, at the hearing I show Commissioner Gassner the forged Stipulation and he ignores it, I tell him I did not sign or file that document, and my name is even misspelled on the document, he ignores it.

38. On April 3rd, 2019, inside the court room Gail O'Rane states that this court room is not a criminal case. I explained to Gail O'Rane that there is a pending case in San Bernardino and that I have a big interview today and if she could please temporarily remove the CLETS Restraining Order to pass my background check with my potential employer.

39. On April 3rd, 2019, on the Minute Order is states: "ABDEL-MALAK, ABANOOB referred to Family Law Assistant Center for any Questions regarding the Restraining Order and CRIMINAL CASE..". Note: If at that time I knew this case was a criminal case, I wouldn't have requested the court to continue the case on June 26th, 2019 after discovering it was a Criminal Case.

40. On April 3rd, 2019, I visit the Riverside Police Department and purchased Officer Police Report and Case Report, 190003519-001, mentioned in the Petitioner's Declaration. I also ask Officer Carter, #1918 if there is a Temporary Restraining Order against me in CLETS, the officer states no.

41. On April 3rd, 2019, after I left the hearing in room F301, around or about 12:48 p.m., Detective Johansen, also informs me that there is not a temporary restraining order against me.

42. On April 3rd, 2019, at 3:51 p.m., Detective Johansen, on a recorded call, finally tells me, "Now, there is a temporary restraining order against you."

43. On April 17th, 2019, alleged plaintiff Desiree Pierce and Mario Rivas finally signs the "Stipulation for the Appointment of Court Commissioner as Judge Pro Tem."

44. On May 9th, 2019, I visit the San Bernardino Sheriff's office to purchase a certified copy of the police report of when David Pierce pushed my sister inside the courthouse. The police report was inaccurate of what occurred. I decided to report this to the FBI along with the forged court document with signature and report that officer's refused to allow me to make a police report.

45. On May 9th, 2019, I visited the FBI West Covina satellite office to make a report of the false police reports and corruption going on with my case. The agent makes a copy of the



document's I provided her with as well as David Pierce pushing my mom and sister, along with him chasing me in his truck on March 27th, 2019.

46.     On June 26, 2019, Court clerk Graciela refuses to allow me to view the cases original file and does not allow me to file DV 116, and I had to demand her to file stamp DV 115 and return a copy to me.

47.     On June 26, 2019, my case is continued because I discovered that my case was a criminal case and/or criminal prosecution case, and I was requesting a continuance in order to find a criminal defense attorney and removed my ex attorney Robert Deller.

48.     On June 26, 2019, I demand Robert Deller to file the substitution of attorney, and it was filed. Beginning from this day, I was a self-represented in a restraining order and criminal case and/or criminal prosecution.

49.     On June 28th, 2019 at 2:40 p.m., I notified Mario Rivas, the attorney of Desiree and David Pierce, Mario Rivas, that I would file in person for an ex parte on July 1st at Riverside Family Courthouse, in accordance with Court rules.

### II: JULY 1ST, 2019; DATE OF FALSE ARREST AND IMPRISONEMENT

50.     Note: July 1st, 2019 was my first day at my new job, which is why I went to file an Ex-Parte and purchase certified copies after being denied to purchase certified copies on March 25, 2019. See Employment Contract.

51.     On July 1st, 2019, at 8:52 a.m., I went to print the copies of the Ex-Parte I was going to file at PIP which is diagonally across from the court house. I have a receipt for proof.

52.     On July 1st, 2019, at 9:05 a.m., I parked inside the Riverside Family Court House.

53.     On July 1st, 2019, at 9:09 a.m., I go inside and attempt to file the Ex-Parte, but the court clerk refuses to allow me to file the court document's. The deputies force me to leave the building and come back later to file the court documents.

54.     On July 1st, 2019, at 9:09 a.m. I stand in line attempting to file the Ex-Parte but K. Williams refuses to allow me to file the court documents. See video attached. After that, I go upstairs and go inside the court room to attempt to personally give the court document's to Gail



1  O'Rane, the Bailiff escorts me out and I tell him and 4 other Deputies can you please just file these

2  court document's and I will leave, they all say "no".

3       55.    On July 1, 2019, I am booked at 10:54 a.m. I am arrested in line of the Riverside

4  Family Court House for attempting to file an Ex-Parte and denied the right to file by court clerk K.

5  Williams.

6       56.    The deputies held me inside a small jail room located inside the court house

7  *BEFORE TAKING ME TO THE DETENTION FACILITY.*

8       57.    While I was detained the officer's refused to give me my cell phone to get my

9  attorney's contact number's so I can call an attorney.

10       58.    I attempted to call the FBI West Covina satellite office to inform them that I have

11  been falsely arrested, the call is blocked.

12       59.    My sister informed me that my Bail was for $50,000. And that to get released they

13  needed to pay at least $5,000. *They told me they tried to pay it, but say* [illegible]

14       60.    Officer's attempted to make me take a medical test, I denied to take a medical test.

15  Officer's kept asking me: "Are you on meth? Do you have meth on you?"

16       61.    "The deputies then drive me to the Riverside Detention Jail Facility LOCATED AT

17  4075 MAIN STREET, RIVERSIDE, CA. The officers beat me up and wouldn't let me file court

18  documents! They didn't give me water or food all day! They slammed me around put on gloves

19  trying to put meth on a medical test I denied. They slammed and put me in a small room in the court

20  and Roughed me up. They kept me in a cell until I cried needing to go to the hospital! From 9:45

21  am until now. Let us both on. I went today to solve the chaos. I'm done, I tap out after officers

22  beating me up and roughing me up. My arms are bruised. You and I don't deserve this! Please I'm

23  in so much pain and today was literally trapped in jail trying to call attorneys but they wouldn't give

24  me my attorney's number. It hurts enough when I called you from jail you were blocked. This case

25  in NO WAY can be heard in Riverside. Let me live my life. I now have another criminal case from

26  the deputy's fabricating stuff. They arrested me in line of the court house!"

27       62.    Deputies assaulted me inside the facility and attempted to place Methamphetamine

28  on my clothes and medical report I denied.

-7-

63.     I am detained all day and Deputies attempt to place Meth on a medical test I denied. A bail of $50,000.00 is placed for alleging the charge of "Contempt of Court" and "Trespass" at 4075 Main Street, Riverside, CA. But, I was at 4175 Main Street, Riverside, CA, and my car was parked in the parking lot of Riverside Family Court House. See Booking Intake Receipt, and my court documents we're taken from me.

64.     My criminal case was for Trespassing and Contempt of Court with a case hearing scheduled on July 17, 2019.

65.     I notified my employer via email explaining that this was the soonest I could contact them.

**III: POST FALSE ARREST:**

63.     On July 2nd, 2019; my employer terminates me due to false arrest and PTSD, damaging my career and licensing requirements. The False Arrest and false imprisonment caused me to lose my new job.

64.     On July 2nd, 2019, from 5:39 p.m. – 7:20 p.m. I visit the FBI West Covina office in person, once again, to report the false arrest and provide them with detail's of what occurred inside the jail facility and informed them I attempted to call them from inside the cell but the officer's blocked the calls I attempted to make. I spoke to duty agents, Shane and Sabrina. While speaking to Shane and Sabrina, they refused to listen to a suspicious voicemail I received and refused to stay on the phone while I call them regarding the call I received from a Rachel from Lawyer Letter.

65.     On July 5th, 2019, I fly out of the state of California after the ongoing harassment and in fear of Riverside County Sheriff.

66.     On July 17th – 19th, 2019, I had to go to the hospital and the medical staff found that my heart was losing Enzymes, so I was admitted to different hospital to monitor my heart and perform more chest test.

67.     On July 30, 2019, I notarized a court document, Electronically Filed, I receive a Notice of Return.

68.     On August 8, 2019, my ex-attorney files a Substitution of Attorney, I terminated him over a month ago.     *Include Gail O'Rune.*

69.     Sometime between August 8, 2019 – September 9, 2019, Ryan Nevans of Riverside City contacts Hoke County Sheriff's Office in Raeford, North Carolina, and to ask me police questioning, Investigating Deputy, Quiles, Phone Number, (910) 875-5111. Hoke County Sheriff go visit my sister in person at her home residence to ask about me.

70.     On September 9, 2019, Commissioner Wendy Harris denies my "power of attorney" document while I was out of state for my sister to appear for me while I was in Georgia. After my sister tells me she denied the Power of attorney, and said the hearing was cancelled because I was not present.

71.     I finally call "Detective" Ryan Nevans. He begins asking me questions such as:

      i.   "Did you send a package to Gail O'Rane?"

      ii.  "Why did you send a package to Gail O'Rane?"

      iii. "Do you intend to return to California?"

      iv.  "You're located in Hinesville, Georgia, huh?"

72.     Attempting to use police questioning to have a reason to arrest me, using the strategy in Miranda v. Arizona, 1966. I told him I would sue for the continued harassment and false arrest and to leave me and my family alone.

73.     On September 13, 2019, I submit an intake request form to the Federal Pro Se Clinic requesting assistance with a Notice of Removal.

74.     On September 16, 2019, I receive a weird email from the Federal Pro Se Clinic saying they cannot help me, in which they provided me legal advice. *So I made a diff*

75.     On September 20, 2019, I filed court documents in the Federal Court House requesting an attorney to assist me with a Notice of Removal. The original Judge, advises the case to ADR.

76.     I would like to emphasize what occurred in the Federal Court filing, I requested a Motion to Appoint Legal Counsel and was offer ADR but then the case was randomly assigned to a corrupt Judge who helps Riverside County Sheriff department with their corruption. The Judge David O Carter was in Orange County in which he has no jurisdiction regarding the matter. I would like to emphasize, my notice of removal was not correctly filed with the Federal Court because

*73.*
*9/11/2020*
*Visit*
*Georgia*
*Fehr*
*Court*
*House*

1  Riverside Family Court refuses to give me certified copies, in which a Notice of Removal requires
2  all court documents and proceedings to be attached to a "Notice of Removal".

3      77.    On September 23, 2019, the case is randomly assigned to Judge David O. Carter who
4  was in Orange County and he remands the case back to the State Court, Riverside Family Court
5  House where I was falsely arrest and stripped of my court documents. He has also remanded other
6  court cases for Civil Rights complaints against Riverside County Sherriff Department.

7      78.    Magistrate Judge Kenly Kiya Kato and District Judge David O. Carter, have a lot of
8  cases with ties to Riverside County Sheriff's Civil Rights violations.

9      79.    "NOTICE OF ASSIGNMENT of Eastern Division Removal Case. This case was
10  initially assigned to District Judge Jesus G. Bernal and referred to Magistrate Judge Kenly Kiya
11  Kato for discovery. Pursuant to General Order 19-03, this case has been randomly reassigned to
12  District Judge David O. Carter. The case number on all documents filed with the Court in this case
13  should read as follows: 5:19-cv-01808 DOC (KKx). (jtil) (Entered: 09/20/2019)"

14      80. Magistrate Judge Kenly Kiya Kato and District Judge David O. Carter, have a lot of
15  cases with ties to Riverside County Sheriff's Civil Rights violations.

16  Other Relevant Cases:

17      SEE CASE JORGE LUIS VALDEZ V. MOLINA (5:15-CV-00805)

18      1. 42: 1983 PRISONER CIVIL RIGHTS

19      2. ASSIGNED TO: DAVID O. CARTER: MORMON CASE:  D.C. NO. 8: 17-CV-00781-
20  DOC-DFM

21      82.    On October 22, 2019, I visit the FBI West Covina satellite office for the third and
22  last time, telling them they need to do something about what has occurred and the false arrest from
23  what occurred on July 1st, 2019.

24      83.    On November 20, 2019, I request a change of venue for the following reasons:
25  The current Judge, (and Bailiff), and court house exhibits Prejudice against the defendant. I am
26  requesting a Judge over a Commissioner. The court house does not have any qualified Judges for
27  this complex case. Commissioner Wendy Harris is Caucasian and so is the Petitioner, I feel due the
28  type of name and ethnic background, I am at a disadvantage. As well as, because Gail O'Rane will

1  be in trouble for allowing her Bailiff H. Lopez to falsely arrest me on July 1st, 2019, she has a

2  vested interest to help her friend Gail O'Rane from law school in Pepperdine. Bailiff Ryan Evans

3  harassed my sister Mary Roman while in North Carolina sending Hoke County Police to my sister's

4  house to attempt to get me to for "police questioning". I also do not know how Riverside County

5  Sheriff retrieved my sister's home address in North Carolina. On September 9th, 2019: Hearing was

6  dismissed. Commissioner Wendy Harris disapproved of my power of attorney document my sister

7  presented when I was out of state in Georgia, and had no money to return to California for that

8  hearing. After that hearing I finally called Detective Ryan Evans to see what more harassment he

9  wants:

10      84.    In Georgia, he said he was a Detective and attempted to use "police questioning"

11  regarding the court document's I mailed to Gail O'Rane. He was attempting to use the Miranda v.

12  Arizona strategy to get me to confess of mailing a "package" not "court document's", to find a

13  cause to arrest me and cover up their False Arrest on July 1st, 2019.  He also harassed me asking me

14  "If I intend to return to California?". In Miranda v. Arizona, 1966, "You have the right to remain

15  silent...". After police questioning, Ernesto Miranda confessed to kidnapping and raping a woman.

16  The Court struck down his conviction, on grounds that he was not informed of his 5th Amendment

17  right against self-incrimination. Hereafter, the Miranda warnings have been a standard feature of

18  arrest procedures.

19      85.    On October 23rd, 2019, I find out that Detective Ryan Evans is Bailiff Ryan Evans in

20  my case. I told him to expect a law suit, and since he has left me alone. Prejudice exist because:

21  Riverside County Sheriff Stan Sniff is under pressure to reduce liability claims resulting in actions

22  of his deputies. – Press Enterprise Article.

23      86.    K. Williams court clerk refused to allow me to purchase certified copies on March

24  25th, 2019.

25      87.    G. Mariela on June 26, 2019 refused to let me view the original file of the case.

26      88.    K. Williams court clerk refuses to allow me to file court document's on July 1st,

27  2019. I was filing an Ex Parte, which must be filed in person. (See video attached.)

28  

INSERT DOCUMENT TITLE (e.g., MOTION TO STRIKE)

1   89. Shortly after I am arrested in line of the court house and stripped of my court documents
2   and papers.

3   90.   ON NOVEMBER 21, 2019: COURT CLERKS REFUSE TO ALLOW ME TO FILE
4   AN EX-PARTE BEFORE MY HEARING. COMMISSIONER WENDY HARRIS STATES THAT
5   THIS CASE IS NOT A CRIMINAL CASE OR CRIMINAL PROSECUTION CASE, SO I AM
6   NOT AUTHORIZED TO BE APPOINTED AN ATTORNEY. WHATEVER I STATE IN THE
7   FAMILY LAW CASE CAN BE USED AGAINST ME IN A CRIMINAL CASE.

8   91.   COMMISSIONER WENDY HARRIS REFUSES TO RECUSE HERSELF AFTER
9   I ORALLY REQUEST MY FIRST REQUEST TO HAVE A JUDGE REMOVED FROM MY
10  CASE. I ORALLY STATED TO RECUSE HERSELF PURSUANT TO CALIFORNIA CODE OF
11  CIVIL PROCEDURE 170.6 AND THAT SHE IS BIAS BECAUSE SHE HAS NOT
12  APPOINTMENT ME LEGAL COUNSEL, OR ISSUED ME ANY SUBPOENA'S TO AT LEAST
13  ONE WITNESS FROM MY WITNESS LIST OF 25+ WITNESS I INTENDED TO CALL.

14  92.   ON NOVEMBER 22, 2019: COMMISSIONER WENDY HARRIS REFUSES TO
15  GIVE ME HER CALIFORNIA STATE BAR LICENSE NUMBER. I EXPLAINED TO HER
16  THAT MY HEALTH IS NOT FIT TO PROVIDE MY DEFENSE TO THIS CASE AS I
17  DESPERATELY NEED AN ATTORNEY. SHE REFUSED TO PROVIDE ME WITH
18  EVERYONE'S NAME INSIDE THE COURT ROOM. SHE STATED SHE DOES NOT
19  PRACTICE LAW IN CALIFORNIA. AND PRACTICES OUTSIDE THE STATE OF
20  CALIFORNIA.

21  93.   On January 14, 2019 I esubmit a Notice of Appeal, it is rejected.

22  94.   On January 15, 2019 I esubmit a Notice of Appeal, it is rejected.

23  95.   **I have trauma from the false arrest on July 1st, 2019. I have even suffered a**
24  **heart attack. See link below.**

25              **FIRST CAUSE OF ACTION**

26              **Rights to Due Process of Law**

27         **42 U.S.C. §1983 – Fifth and Fourteenth Amendment;**

28              **Art. 1., §7, California Constitution**



96.     Plaintiffs reallege and incorporate the allegations set forth in each paragraph of this complaint as if fully restated herein.

97.     Defendant County of Riverside owed Plaintiff a duty under the due process clause of the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, sec. 7 of the California Constitution, and the statutory law of the State of California, to protect the personal property of Plaintiff that was known not to be abandoned.

98.     As described above, Defendants, while acting individually, jointly, and/or in conspiracy with each other, as well as under color of law and within the scope of their employment, deprived Plaintiff of his constitutional right to due process and his right to a fair trial.

99.     In the manner described more fully above, Defendants, deliberately withheld exculpatory and impeachment evidence from Plaintiff, his ex-attorneys, and prosecutors, among others, thereby misleading and misdirecting Plaintif's restraining order and criminal prosecution.

100.    In addition, as described more fully above, Defendants fabricated and solicited false evidence, including statements and testimony they knew to be false, fabricated police reports and other evidence falsely implicating Plaintiff, obtained charges against Plaintiff, obtained his conviction using that false evidence, and failed to correct fabricated evidence they knew to be false when it was used against Plaintiff during his trial.

101.    In addition, Defendants used coercive tactics to extract involuntary statements from Plaintiff, which Defendants used to incriminate Plaintiff during his proceedings and to secure his conviction.

102.    In addition, based on information and belief, Defendants concealed and fabricated additional evidence that is not yet known to Plaintiff.

103.    Defendants' misconduct described in this count resulted in Plaintiff's unjust and wrongful prosecution and conviction, deprived him of his liberty, caused him to provide false and involuntary statements that were used to incriminate him, and denied him his constitutional rights to a fair trial guaranteed by the Fourteenth Amendment. Absent this conduct, Plaintiff's prosecution could not and would not have been pursued.



104.    The misconduct described in this count was objectively reasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of others, and with total disregard for the truth and Plaintiff's innocence.

105.    As a result of Defendants' misconduct described in this count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, a heart attack at the age of 27 while in excellent shape running 5.5 miles, six times a week, and other grievous and continuing injuries and damages.

106.    Defendants' misconduct described in this count was undertaken pursuant to Riverside County policies and customs more fully described below.

107.    Plaintiffs are informed and believe that the acts of the Defendant's employees and agents were intentional in failing to protect and preserve their property and that, at minimum, the Defendant was deliberately indifferent to the likely consequence that the property would be seized and destroyed without due process based on the past occurrences of these same constitutional and statutory violations of the law.

108.    As a direct and proximate consequence of the acts of Defendant's agents and employees, Plaintiff has suffered and will continue to suffer lose of their personal property and are entitled to compensatory damages for their property and other injury to their person.

## SECOND CAUSE OF ACTION

### Violation of Civil Rights: Interference By Threat, Intimidation or Coercion

### California Civil Code § 52.1

109.    Plaintiffs reallege and incorporate the allegations set forth in each paragraph of this complaint as if fully restated herein.

110.    Defendant's agents and employees have used threats of arrest and intimidation to interfere with Plaintiff's right to maintain their personal possessions and right to file court document's whether in person or electronically in the exercise of Plaintiffs' rights secured by the Constitution of the United States, the Constitution of the State of California, and the statutory laws of the State of California.

— 14 —

1    111.    Plaintiff is entitled to an injunction pursuant California Civil Code § 52.1. Plaintiff is

2    also entitled to damages pursuant to Civil Code §§ 52 and 52.1. Plaintiff have filed tort claims with

3    the defendant on behalf of himself. Plaintiff will amend this action to include damages under this

4    provision once he has exhausted his administrative remedies.

5                    **THIRD CAUSE OF ACTION**

6          **Rights to Be Secure From Unreasonable Seizures**

7     **42 U.S.C. §1983 – Fourth Amendment; Art. 1., §13, California Constitution**

8    112.    Plaintiffs reallege and incorporate the allegations set forth in each paragraph of this

9    complaint as if fully restated herein.

10    113.    Defendant JOHN DOE violated Plaintiffs' Fourth Amendment rights to be free from

11    unreasonable seizure of his property by confiscating and then destroying Plaintiffs' property

12    without a warrant and under threat of arrest if Plaintiff attempted to go back in line to file court

13    document's as a self-represented defendant, the plaintiff was following California Court rules for

14    filing an Ex-Parte, in which the litigant must file in person according to California Court rules.

15    114.    Defendant's unlawful actions, through the conduct of its employees from the County

16    of Riverside and County of San Bernardino was done with the specific intent to deprive Plaintiff of

17    his constitutional rights to be secure in their property.

18    115.    Plaintiffs are informed and believe that the acts of the Defendant's employees and

19    agents were intentional in failing to protect and preserve their property and that, at minimum, the

20    Defendant was deliberately indifferent to the likely consequence that the property would be seized

21    and destroyed unlawfully, based on the past circumstances of similar constitutional and statutory

22    violations of the law.

23    116.    As a direct and proximate consequence of the acts of Defendant's agents and

24    employees, Plaintiff has suffered and will continue to suffer lose of their personal property and are

25    entitled to compensatory damages for their property and other injury to their person.

26                    **THIRD CAUSE OF ACTION**

27        **42 U.S.C. §1983 – Illegal Detention and Prosecution**

28    117.    Plaintiff incorporates each paragraph of this complaint as if restated fully herein.

- l S -

118.   In the manner described more fully above, Defendants, individually, jointly, and in conspiracy with each other, as well as under color of law and within the scope of their employment, accused Plaintiff of criminal activity and exerted influence to initiate, continue, and perpetuate proceedings against Plaintiff without any probable cause for doing so and in spite of the fact that they knew Plaintiff was innocent, in violation of his rights secured by the Fourth and Fourteenth Amendments.

119.   In so doing, Defendants caused Plaintiff to be deprived of his liberty and detained without probable cause and subjected improperly to judicial proceedings for which there was no probable cause.

120.   The misconduct described in this count was objectively unreasonable and was undertaken intentionally and with malice.

121.   As a result of Defendants' misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, loss of employment, and other grievous and continuing injuries and damages.

122.   Defendants' misconduct described in this count was undertaken pursuant to Riverside County policies and customs more fully described.

## FOURTH CAUSE OF ACTION

### 42 U.S.C. §1983 – Failure to Disclose Exculpatory Information

123.   Plaintiff incorporates each paragraph of this complaint as if restated fully herein.

124.   Defendants failed to disclose exculpatory evidence leading to Plaintiff detention in violation of his right of due process.

125.   As described above, Defendants failed to disclose, among other things, evidence that: demonstrates that I was denied the right to file court document's, specifically an Ex-Parte on July 1st, 2019 and on November 21st, 2019; physical evidence exonerated showing David Pierce and Sherrie Pierce have been abusing their children that were mailed to Gail O'Rane, their own misconduct in coercing and fabricating evidence and testimony; and that they fabricated police reports.

−16−

126.     Defendants knew there was no credible evidence tying Plaintiff to being a criminal or aggressive individual. Had they disclosed this exculpatory evidence, the evidence would have proved Plaintiff's innocence, cast doubt on the entire police investigation and prosecution, and led to the end of Plaintiff's detention and prosecution.

127.     Defendants performed the above-described acts under color of state law, deliberately, intentionally, with malice or reckless disregard for the truth and Plaintiff's rights and with deliberate indifference to Plaintiff's clearly established rights.

128.     As a result of Defendants' misconduct described in this Count, Plaintiff suffered loss of employment, loss of liberty, great mental anguish, humiliation, degradation, physical and emotion pain, and other grievous and continuing injuries and damages.

129.     Defendants' misconduct described in this count was undertaken pursuant to Riverside County policies and customs more fully described below.

## FIFTH CAUSE OF ACTION

### 42 U.S.C. §1983 – Failure to Intervene

130.     Plaintiff incorporates each paragraph of this complaint as if restated fully herein.

131.     In the manner described above, during the constitutional violations described above, one or more Defendants stood by without intervening to prevent the violation of Plaintiff's constitutional rights, even though they had the duty and opportunity to do so.

132.     These Defendants had a duty and reasonable opportunity to prevent this harm to Plaintiff, but they failed to do so.

133.     The misconduct described in this count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

133.     As a result of Defendants' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

134.     Defendants undertook the misconduct described in this count pursuant to Riverside County policies and customs more fully described below.



**SIXTH CAUSE OF ACTION**

**42 U.S.C. §1983 – Conspiracy**

135.    Plaintiff incorporates each paragraph of this complaint as if fully restated herein.

136.    Defendants reached an agreement among themselves to frame Plaintiff to cover up the forged signature on court document's and false arrest on July 1st, 2019, and thereby to deprive Plaintiff of his constitutional rights, as described above. This agreement was first reached on March 12, 2019, as the Defendants began illegally violating Plaintiff's right to privacy and recorded his phone calls and listened to his phone calls with the use of CLETS, before arresting Plaintiff, and it remained in place throughout all periods of his detention, prosecution, and until now the Plaintiff is under investigation by Defendant's agents and employees.

137.    In addition, Defendants conspired before Plaintiff's conviction, and continued to conspire after his conviction, to deprive Plaintiff of exculpatory material to which he is entitled and that would have led to his earlier exoneration.

138.    In this manner, Defendants, acting in concert with each other and with co-conspirators, known and unknown, conspired by concerted action to accomplish an unlawful purpose and/or a lawful purpose by unlawful means.

139.    In furtherance of the conspiracy, each co-conspirator committed overt acts and was an otherwise willful participant in joint activity.

140.    As a result of illicit prior agreement, Plaintiff suffered loss of employment, loss of law school scholarship, loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages set forth above.

141.    The misconduct described in this count was objectively unreasonable and was undertaken intentionally and with willful indifference to Plaintiff's constitutional rights.

142.    Defendants undertook the misconduct described in this count pursuant to Riverside County's policies and customs more fully described below.

**SEVENTH CAUSE OF ACTION**

**42 U.S.C. §1983 – Municipal Liability – Unconstitutional Official Policy, Practice, or Custom**

**Unconstitutional Policies of County of Riverside**

143.     Plaintiff incorporates each paragraph of this complaint as if fully restated herein.

144.     Plaintiff's injuries were caused by the policies and customs of the County of Riverside, as well as by the actions of policy-making officials for the County of Riverside.

145.     At all times relevant to the events described in this complaint and for a period of time before and after, the County of Riverside failed to promulgate proper or adequate rules, regulations, policies, and procedures governing: the conduct of interrogations and questioning of criminal suspects and witnesses by officers and agents of the Riverside County Sheriff's Department and the County of Riverside; the collection, documentation, preservation, testing and disclosure of evidence; writing of police reports and taking of investigative notes; obtaining statements and testimony from witnesses; and the maintenance of investigative files and disclosure od those files in criminal proceedings.

146.     In addition or alternatively, the County of Riverside failed to promulgate proper and adequate rules, regulations, policies, and procedures for the training and supervision of officers and agents of the Riverside County Sheriff's Department and the County of Riverside with respect to the conduct of interrogations and techniques to be used when questioning criminal suspects and witnesses.

147.     Officers and agents of Riverside County Sheriff's Department and the County of Riverside committed these failures to promulgate proper and adequate riles, regulations, policies, and procedures.

148.     In addition, at all times relevant to the events described in this complaint and for a period of time before, the County of Riverside has notice of a practice and custom by officers and agents of the Riverside County Sheriff's Department and the Count of Riverside pursuant to which individuals suspected of criminal activity, like Plaintiff, were routinely interrogated abusively, were not read their *Miranda* rights, and were coerced against their will to involuntarily implicate themselves in crimes they did not commit.

149.     In addition, at all times relevant to the events described in this complaint and for a period of time before, the County of Riverside had notice of practices and customs of officers and

—19—

agents of the Riverside County Sheriff's Department and the County of Riverside that included one or more of the following: (1) officers did not record investigative information in police reports, did not maintain proper investigative files, and/or did not disclose investigative materials to prosecutors and criminal defendants; (2) officers falsified statements and testimony of witnesses; (3) officers fabricated false evidence implicating criminal defendants in criminal conduct; (4) officers failed to maintain and/or preserve evidence and/or destroyed evidence; and/or (5) officers pursued wrongful convictions through profoundly flawed investigations.

150.    These practices and customs, individually and/or together, were allowed to flourish because of leaders, supervisors, and policymakers of the County of Riverside directly encouraged and were thereby the moving force behind the very type of misconduct at issue by failing to adequately train, supervise, and control their officers, agents, and employees on proper interrogation techniques and by failing to adequately punish or discipline prior instances of similar misconduct, thus directly encouraging future abuses like those affecting Plaintiff.

151.    The above practices and customs, so well settled as to constitute *de facto* policies of the County of Riverside, were able to exist and thrive, individually and/or together, because policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.

152.    In addition, the misconduct described in this count was undertaken pursuant to the County of Riverside's policies and practices in that the constitutional violations committed against Plaintiff were committed with the knowledge or approval of persons with final policymaking authority for the County of Riverside or were actually committed by persons with such final policymaking authority.

153.    Plaintiff's injuries were directly and proximately caused by officers, agents, and employees of Riverside County, including but not limited to Defendants, who acted pursuant to one or more of the policies practices, and customs set forth above in engaging in the misconduct described to this count.

## SEVENTH CAUSE OF ACTION

### State Law Claim – Malicious Prosecution



154.    Plaintiff incorporates each paragraph of this complaint as if restated fully herein.

155.    In the manner described above, Defendants, individually, jointly, and/or in conspiracy with one another, as well as within the scope of their employment accused the Plaintiff of criminal activity and exerted influence to initiate, continue, and perpetuate by or at Defendants' direction.

156.    In this way, the legal proceedings against Plaintiff were commenced or pursued by or at Defendants' direction.

157.    As described above, there was no probable cause to pursue legal proceedings against Plaintiff.

158.    Defendants pursued Plaintiff's prosecution until now, where an ongoing investigation is in effect, even after falsely arresting the Plaintiff for trying to file an Ex-Parte and suffering a heart attack, now the Defendant illegally has access to record Plaintiff's calls and monitor Plaintiff's internet activity for five years until 2024.

159.    These judicial proceedings were initiated and pursued with malice.

160.    As a result of Defendants' misconduct described in this count, Plaintiff suffered loss of employment, a heart attack, loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages.

## EIGHTH CAUSE OF ACTION

### State Law Claim – Intentional Infliction of Emotional Distress

161.    Plaintiff incorporates each paragraph of this complaint as if restated fully herein.

162.    Defendants' actions and conduct as set forth above were extreme and outrageous. Defendants' actions were rooted in an abuse of power or authority, and were undertaken with intent to cause, or were in reckless disregard for the probability that they would cause Plaintiff severe emotional distress, as more fully alleged above.

163.    As an actual and proximate result of Defendants' actions, Plaintiff suffered, a heart attack, and continues to suffer severe emotional distress.

## NINTH CAUSE OF ACTION

### State Law Claim – Civil Conspiracy



164.    Plaintiff incorporates each paragraph of this complaint as if restated fully herein.

165.    As described more fully above, Defendants, acting in concert with other co-conspirators, known and unknown, reached an agreement among themselves to frame Plaintiff for a crime he did not commit and conspired by concerted action to accomplish an unlawful purpose by unlawful means. In addition, these co-conspirators agreed among themselves to protect one another from liability for depriving Plaintiff of his rights.

166.    In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was otherwise a willful participant in joint activity.

167.    The violations of California law described in this complaint, including Defendants' malicious prosecution of the Plaintiff and their intentional infliction of emotion distress, were accomplished by Defendants' conspiracy.

168.    The misconduct described in this count was objectively unreasonable and was undertaken intentionally and with willful indifference to Plaintiff's constitutional rights.

169.    As a result of Defendants' misconduct described in this count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other grievous and continuing injuries and damages.

### TENTH CAUSE OF ACTION

### State Law Claim – Cal. Gov. Code § 815.2. *Respondeat Superior*

170.    Plaintiff incorporates each paragraph of this complaint as if restated fully herein.

171.    Plaintiff suffered the aforementioned injuries as a proximate result of Defendants' misconduct.

172.    During all relevant times, Defendants were employees of the Riverside County Sheriff's Department acting within the scope of their employment.

173.    Defendant Riverside County is liable as principal for all torts committed by its agents.

### ELEVENTH CAUSE OF ACTION

### State Law Claim – Cal. Civ. Code § 52.1

174.    Plaintiff incorporates each paragraph of this complaint as if restated fully herein.

-23-

175.   As described more fully above, Defendants intentionally interfered with Plaintiff's exercise or enjoyment of rights secured by the U.S. Constitution and the laws of California.

176.   Defendants' conduct in interfering with Plaintiff's rights was carried out by threats, intimidation, and/or, as described above.

177.   As a result of Defendants' threats, intimidation, and/or coercion, Plaintiff was and is currently deprived of his constitution rights and right to privacy; wrongly prosecuted, detained, and imprisoned for one day; and subjected to other grievous injuries and damages as set forth above.

### TWELVTH CAUSE OF ACTION

### State Law Claim – Cal. Gov. Code § 825, Indemnification

178.   Plaintiff incorporates each paragraph of this complaint as if restated fully herein.

179.   California law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

180.   At all relevant times, Defendants were employees of the Riverside County Sheriff's Department who acted within the scope of their employment in committing the misconduct described herein.

### Amendment IV: Search and Arrest Warrants

**The right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place searched, and the persons or things to be seized.**

### SECOND CAUSE OF ACTION

### In Violation of:

### Amendment V: Rights in Criminal Cases

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any



**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☒ Yes ☐ No.

If your answer is "Yes", describe each suit in the space below.  [If more than one, attach additional pages providing the same information as below.]

(a)  Parties to the previous lawsuit:
Plaintiffs: Abanoob Abdel-Malak

Defendants: State of California, United States, F.B.I.

(b)  Name of the court and docket number: United States District Court Central District of California, 2:20-cv-00322.

(c)  Disposition: [ For example, was the case dismissed, appealed, or still pending?] Pending

(d)  Issues raised: Civil Right Violation and Conspiracy of Constitutional Rights.

(e)  Approximate date case was filed: 2/18/2020

(f)  Approximate date of disposition:

2. Have you previously sought and exhausted all forms of available relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDCR Inmate/Parolee Appeal Form 602, BP-8, BP-9, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.  If your answer is "No", briefly explain why administrative relief was not exhausted.

I have attempted to make Hate Crime Police Reports with law enforcement, the F.B.I., etc. This matter is really complexed but stems from a false arrest on July 1st, 2019 in California.

**E.  Request for Relief**

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s): from destroying video footage from inside the U.S. District Court in Savannah on September 11, 2019.

2. Damages in the sum of $ 10,000,000.00

3. Punitive damages in the sum of $ 80,000,000.00

4. Other: Transfer this case to California after the identities are discovered from John Doe and Jane Doe.

**F.  Demand for Jury Trial**

Plaintiff demands a trial by ☒ Jury ☐ Court.  (Choose one.)
Pursuant to Federal Rule of Proce 38.

June 2, 2020
_____
Date

Aud Khark
_____
Signature of Plaintiff

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Abanoob Abdel-Malak, et al.,

## DEFENDANTS

United States Marshal, et al.,

**(b)** County of Residence of First Listed Plaintiff   Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Washington Disk, et Gl.
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Abanoob Abdel-Malak
12152 Hausl Ave
Norwalk, CA 90650   ( 310 ) 776-5915

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
     Plaintiff

☐ 3  Federal Question
     *(U.S. Government Not a Party)*

☒ 2  U.S. Government
     Defendant

☐ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | ☐ 820 Copyrights | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
    Proceeding

☐ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 Transferred from
    Another District
    *(specify)*

☐ 6 Multidistrict
    Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 § 1983, 42 § 1985, 42 § 1986

Brief description of cause:
Deprivation of Civil Rights and Conspiracy

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $
$10,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE   Cormac J. Carney   DOCKET NUMBER   20-00322-CJC-KKx

DATE   June 2, 2020

SIGNATURE OF ATTORNEY OF RECORD
Aud  MALAK

## FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
## for the

Abanoob  Abdel-Malak
_____
*Plaintiff*
v.
United States Marshal, et al.,
_____
*Defendant*

)
)
)
)
)

Civil Action No.

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:   United States  Marshal, et  al.,
_____
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within ____ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:  June 2, 2020
_____

_____
*Signature of the attorney or unrepresented party*

Abanoob  Abdel-Malak
_____
*Printed name*

12159  Harvest  Ave, Norwalk, CA 90650
_____
*Address*

ava@sinaillc.com
_____
*E-mail address*

(310) 776-5915
_____
*Telephone number*