UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ABANOOB ABDEL-MALAK,                )
                                    )
                                    )
      Plaintiff,                    )
                                    )
v.                                  )     CV420-128
                                    )
UNITED STATES MARSHALL,             )
*et al.*,                           )
                                    )
      Defendants.                   )

## ORDER

Plaintiff Abanoob Abdel-Malak has submitted a complicated and confusing complaint . Doc. 1. He has also filed motions seeking to proceed *in forma pauperis* (IFP), doc. 2 and authorization for electronic filing, doc. 3. After reviewing plaintiff's application, it appears that he lacks sufficient resources to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff leave to proceed *in forma pauperis*. Doc. 2.

Plaintiff's motion for permission to file electronically is also **DENIED**. Doc. 3. Authorization for use the Court's Case Management and Electronic Case Filing (CM/ECF) system by a *pro se* plaintiff is sparingly granted. Plaintiff has offered no reason why it should be

permitted in this case. He, therefore, may prosecute his lawsuit via the U.S. Mail and by accessing public filings through PACER. See www.pacer.gov (Public Access to Court Electronic Records).

Furthermore, plaintiff's pleadings can only be characterized as what is "often disparagingly referred to as [a] 'shotgun pleading.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." *See id*. at 1321 & n.9 (collecting cases).  The crux of the Court's admonishment of shotgun pleadings is that they fail to adhere to pleading requirements designed to ensure that a defending party is provided enough clarity to adequately respond.  *Cf*. Fed. R. Civ. P. 8–11 (rules for civil pleadings before the Federal Courts).  They typically present in four varieties:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a pleading that does not separate into a different count each cause of action or claim for relief; and (4) a pleading that asserts multiple claims against multiple defendants without specifying which defendant allegedly committed which claim.

*Adams v. Huntsville Hosp.*, —Fed. App'x. —, 2020 WL3886440, at *2 (11th Cir. July 10, 2020) (citing *Weiland*, 792 F.3d at 1321–23).

Plaintiff's pleadings, as currently drafted, make any meaningful response impossible. Confusingly, the factual recitation begins and ends mid-paragraph and contains virtually no information relevant to the named parties. *See* doc. 1 at 3–23. It also appears to have been originally drafted for use in a separate case, as it repeatedly refers to entities not named in this action as defendants. *See, e.g.*, *id*. at 12–14 (describing claims against "Defendant County of Riverside); *also compare id*. at 2 (identifying John Doe as an employee of the United States Marshals in Chatham County, Georgia) *with id*. at 15 (describing John Doe as an individual that confiscated and destroyed documents in a California court). It is simply impossible, from reading the complaint, to determine what objectionable conduct was committed by any particular defendant, much less what legal theory or theories might establish that defendant's civil liability.

The complaint is similarly unclear as to what claims are being asserted and relief sought in this Court. Plaintiff has handwritten on the first page of the otherwise type-written complaint "Request to Amend," though no previous filing has been made. *Id*. at 1. He also describes at least fourteen separate causes of action, though none appear to involve the

named defendants. *See id*. at 12–24. Finally, plaintiff seeks injunctive relief to preserve "video footage from inside the U.S. District Court in Savannah on September 11, 2019," but provides no accompanying motion nor argument for why such relief is appropriate. *Id*. at 25. He also seeks $90,000,000 is damages and the transfer of this action to an unidentified court in California. *Id*. He offers no reason for why transfer is warranted; if he contends that California is the appropriate venue for this action, as the plaintiff, he is free to file it there.

As plaintiff is proceeding *pro se* and he might be able to more carefully and clearly craft his complaint, the Court will afford a single opportunity to amend in order to comply with the pleading standards of the Federal Rules of Civil Procedure and to better articulate the claims asserted against the named defendants. *Jenkins v. Walker*, 620 F. App'x. 709, 711 (11th Cir. 2015) ("[W]hen a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action." (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n. 1 (11th Cir. 2002) (*en banc*)); *see also* Fed. R. Civ. P. 15(a)(2) (courts should

grant leave to amend "freely . . . when justice so requires"). He is remined that a well pleaded complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint need not contain detailed factual allegations, but it must provide enough support to "allow[] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. It must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Plaintiff is **DIRECTED** to file an amended complaint within 14 days of this Order.

    **SO ORDERED**, this 6th day of October, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA