UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ABANOOB ABDEL-MALAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-128 |
| | ) | |
| UNITED STATES MARSHALL, | ) | |
| FEDERAL BUREAU OF | ) | |
| INVESTIGATIONS, JOHN DOE, | ) | |
| and JANE DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER AND REPORT AND RECOMMENDATION**

Before the Court is plaintiff's motion for an extension of time to file an amended complaint. Doc. 6. Plaintiff was ordered to amend his complaint to present a coherent claim for relief. Doc. 5. Rather than timely complying with the order, he petitioned the Eleventh Circuit for a writ of mandamus. *In re Abdel-Malak*, No. 20-13949 (11th Cir. Oct. 22, 2020) (original filing). That petition has now been denied, doc. 7. For the following reasons, plaintiff's motion for additional time is **DENIED**, doc. 6, and the Court **RECOMMENDS** that the complaint be **DISMISSED** for failure to comply with its order.

Plaintiff moves the Court to extend the deadline for the filing of an amended complaint to allow him to focus his attention on a separate case in which he seeks to remove at least three California state criminal and civil cases to this district, *The People of the State of California v. Abdel-Malak*, CV4:20-232 (S.D. Ga. Sep. 29, 2020). Doc. 6. Plaintiff's justification is not convincing. As the filing party, the decision of when to file his lawsuits was solely within his discretion. He has an obligation to prosecute his case and it is not the Court's prerogative to accommodate plaintiff's lack of time to do so.

Regardless of the sufficiency of his purported justification, the pendency of plaintiff's petition to the Eleventh Circuit has allowed adequate time for him to file his amended complaint. The Court ordered plaintiff to file his amended complaint by October 20, 2020. *See* doc. 5 (requiring the filing within 14 days of the Court's October 6, 2020, order). In the more than four months that have elapsed since the Court's order, plaintiff's parallel case has been dismissed, *The People of the State of California v. Abdel-Malak*, CV4:20-232, doc. 34 (S.D. Ga. Jan. 13, 2021), and his petition for mandamus in this matter has been denied, doc. 7 (Eleventh Circuit's February 4, 2021, denied of petition for mandamus).

There is no indication that he has taken any effort to file an amended complaint within that period. As four months is more than sufficient to file an amended complaint, the motion for additional time is **DENIED**. Doc. 6.

As plaintiff has failed to comply with the Court's direction to file an amended complaint, this case should be dismissed. This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders. *See* L.R. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Despite adequate opportunity to do so, plaintiff has made no effort to amend his complain. Therefore, this case should be dismissed for failure to follow a Court Order and file an amendment.

Accordingly, plaintiff's motion for an extension of time to file an amended complaint is **DENIED**. Doc. 6. The Court **RECOMMENDS** that the complaint be **DISMISSED** for failure to follow its Order. This report and recommendation (R&R) is submitted to the district judge

assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.[1] The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

---

[1] The period for objections provides plaintiff a final opportunity to amend his complaint. Plaintiff may submit an amended complaint during that period if he believes it would cure the existing legal defects. *See Willis v. Darden*, 2012 WL 170163, at * 2 n. 3 (S.D. Ga. Jan. 19, 2012) (*citing Smith v. Stanley*, 2011 WL 1114503, at * 1 (W.D. Mich. Jan. 19, 2011)). The amended complaint must also be accompanied by a full and frank explanation of plaintiff's failure to comply with the Court's order to date.

**SO REPORTED AND RECOMMENDED**, this 12th day of February, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA