# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

ABANOOB ABDEL-MALAK,

       Plaintiff,

   v.

UNITED STATES MARSHALL, FEDERAL
BUREAU OF INVESTIGATIONS, JOHN
DOE, AND JANE DOE,

       Defendants.

CIVIL ACTION NO.: 4:20-cv-128

## <u>O R D E R</u>

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's February 12, 2021, Report and Recommendation (R&R).  (Doc. 8).  Plaintiff has not filed an objection, but he has filed two motions and what the Court presumes to be a proposed amendment, collectively totaling nearly 200 pages.  (Docs. 11–13).  These submissions do not resolve plaintiff's failure to comply with the Court's earlier order, for which the Magistrate Judge recommended dismissal.  Moreover, Plaintiff has now repeatedly demonstrated a willful disregard of this Court's directives, and he has demonstrated that no measure other than dismissal with prejudice will remedy his noncompliance and vexatious litigation tactics.  For the following reasons, the Court **ADOPTS** the Report and Recommendation as its opinion and **DIMISSES** this action.

The Court characterized plaintiff's initial complaint as a shotgun pleading and directed him to file an amendment by October 20, 2020.  (Doc. 5.)  Rather than filing a timely amended complaint, plaintiff waited until the filing deadline to submit a motion for an extension of time and

a motion for permission to file electronically.   (Doc. 6.)   He justified his request in claiming that

he needed to dedicate his attention to another lawsuit that he chose to bring in this Court.   (Id.)

Two days later, he filed an appeal with the United States Court of Appeals for the Eleventh Circuit.

In re Abdel-Malak, No. 20-13949 (11th Cir. October 22, 2020).   The appeal was denied on

February 4, 2021.   (Doc. 7.)

The Magistrate Judge entered an Order and Report and Recommendation on February 12,

2021, denying plaintiff's motions for an extension and access to the electronic filing system.

(Doc. 8.)   He also recommended that this case be dismissed for Plaintiff's failure to comply with

the Court's order to file an amended complaint.   (Id.)   In doing so, the Magistrate Judge noted

that the objections period provided a final opportunity for plaintiff to file an amended complaint.

(Id. at 4 n.1.)

The deadline by which to file objections to the Magistrate Judge's R&R was March 2,

2021.   Three days after the deadline passed, plaintiff made three filings: (1) *Emergency Motion

for Additional Time to File Objection to Report and Recommendation and Request Emergency

Motion Relief Under the Crime Victim Rights Act for Legal Assistance*; (2) what the Court

presumes to be plaintiff's proposed amended complaint; and (3) *Emergency Request to Enjoin

State and Federal Court Proceedings Pursuant to Writs 28 U.S.C. § 1651 and Emergency Request

for an Emergency Protective Order Application for any Type of Bond to Grant Relief Requested

in this Motion*.   (Docs. 11, 12, & 13.)   Even if these submissions were timely, none resolve

Plaintiff's prior failure to comply, which prompted the recommendation of dismissal.[1]

Plaintiff's submission captioned *Emergency Request to Enjoin State and Federal Court

Proceedings Pursuant to Writs 28 U.S.C. § 1651 and Emergency Request for an Emergency

---

[1]   The submissions are dated March 1, 2021; however, it is the date on which they are received by the Court
that is relevant for purposes of filing.   Fed. R. Civ. P. 5(d)(2).

*Protective Order Application for any Type of Bond to Grant Relief Requested in this Motion* is largely inscrutable and was clearly initially prepared for filing in another court—referencing case numbers and judges from the Central District of California.   (*See* doc. 13).   Even if intended for this Court's consideration, the motion asks for relief beyond the Court's powers, including the disqualification of all judges in another district on the opposite side of the country and referring this case to the Chief Judge of the Federal Circuit.[2]   (Doc. 13 at 28).   This motion is **DENIED**.

The submission captioned *Emergency Motion for Additional Time to File Objection to Report and Recommendation and Request Emergency Motion Relief Under the Crime Victim Rights Act for Legal Assistance*, is largely an unedited assortment of text taken from various publicly available sources.[3]   Compare doc. 11 at 19–22 with Cornell Law School Legal Information Institute, The Liberty Interest, https://www.law.cornell.edu/constitution-conan/amendment-14/section-1/the-liberty-interest; compare also doc. 11 at X with Brott v. United States, No. 17-712, I (Sup. Ct. Feb. 21, 2018) ("question presented" from brief filed in opposition to writ of certiorari).   In many instances, the text is completely irrelevant to the arguments Plaintiff presumably is attempting to assert.   (*See, e.g.*, doc. 11 at 6 (discussing the inability of a prisoner

---

[2]  Plaintiff seems to fundamentally misunderstand the structure of the federal courts.   The Federal Circuit does not sit over the various district courts.   It is a Court of specialized jurisdiction considering appeals from various Article I and III tribunals based on subject matter.   28 U.S.C. § 1295.   Were all of the sitting judges in the Central District of California unable to consider a case, the power to assign a temporary judge would fall to the Chief Judge of the Ninth Circuit Court of Appeals.   28 U.S.C. § 292(b) (providing that the chief judge of a circuit may designate and assign a district judge from within the circuit to temporarily sit in another district); 28 U.S.C. § 41 (setting California in the Ninth Circuit).

[3]  As plaintiff notes, pro se litigants are entitled to a degree of charity and are held to a less stringent standard than represented parties.   Doc. 11 at 33–44; Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers (internal quotations omitted).   The pleadings must still comply with procedural requirements, McNeil v. United States, 508 U.S. 106, 113 (1993).   Nonetheless, pro se pleadings must also, at a minimum, be of a sufficient quality that the Court can discern their purpose and content without engaging in a scavenger hunt through a hundred plus pages.   Cf. United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judge are not like pigs, hunting for truffles buried in briefs.").

to pursue habeas corpus relief through a 28 U.S.C. § 1983 action and the limitations of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), on a prisoner's ability to pursue a civil claim that relies on the invalidation of a criminal conviction); <u>id</u>. at 6–10 (discussing the notion of a "prevailing party" in the context of fee recovery); <u>id</u>. at 25–26 (making a conclusory statement that the Tucker Act, 28 U.S.C. § 1491(a)(1), and the Little Tucker Act, 28 U.S.C. § 1346, are unconstitutional).)   Beyond this morass, the motion ostensibly seeks (1) the appointment of counsel and a process server, or funds with which plaintiff can hire such; (2) access to the Court's electronic filing system and waiver of associated fees; (3) an order of the Court directing the U.S. Marshal Service to serve all documents in this matter, and (4) leave to amend the complaint.   (Doc. 11 at 2.)   The dismissal of this case will make each of these requests moot; however, the Court will consider whether they might salvage this case.

Plaintiff has no constitutional right to counsel in this civil case.   <u>Wright v. Langford</u>, 562 F. App'x 769, 777 (11th Cir. 2014) (citing <u>Bass v. Perrin</u>, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances."   <u>Id</u>. (citing <u>Bass</u>, 170 F.3d at 1320).   Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." <u>Fowler v. Jones</u>, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing <u>Poole v. Lambert</u>, 819 F.2d 1025, 1028 (11th Cir. 1987), and <u>Wahl v. McIver</u>, 773 F.2d 1169, 1174 (11th Cir. 1985)).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the <u>pro se</u> litigant needs help in presenting the essential merits of his or her position to the court.   Where the facts and issues are simple, he or she usually will not need such

help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).   To the extent that Plaintiff's allegations might be cognizable claims, they do not present "exceptional circumstances" warranting the appointment of counsel. Though his pleadings are inartful and confusing, this case is not so complex, legally or factually, as to prevent plaintiff from presenting "the essential merits of his position" to the Court. Therefore, Plaintiff's request to appoint counsel is **DENIED**.

Similarly, Plaintiff's requests that a process server by appointed must be denied as it is redundant to his request for service by the U.S. Marshals, to which he would already be entitled. As plaintiff has been granted *in forma* status, he would be entitled by statute to service by the U.S. Marshals or an officer of the Court if his case moved forward.   28 U.S.C. § 1915(d).   In this district, service of the initial pleadings is authorized only after the Court has conducted its preliminary review pursuant to 28 U.S.C. § 1915(e)(2), which has not yet occurred due to the nonconformance of Plaintiff's Complaint.   Plaintiff's motions for appointment of a process server and service by the Marshal service are **DENIED as moot**.

In support of his renewed motion for access to the electronic filing system and waiver of associated fees, Plaintiff alleges that prior filings were not docketed and that he has suffered prejudice "because a motion to dismiss was filed before the filings email [sic?] by the Plaintiffs' [sic?] on June 26, 2020, July 10, 2020, and August 11[], 2020." (Doc. 11 at 27).   No motion to dismiss has been filed in this case and the Court has no record of the referenced "filing emails."[4] Despite multiple pages spent defining the concept of "filing," (doc. 11 at 29–33), and a reference to an irrelevant provision regarding fees in bankruptcy cases (id. at 49, citing 28 U.S.C. § 1930 (bankruptcy fees)), Plaintiff has failed to adequately justify why he is entitled to special

---

[4]   Email is not an accepted means of filing in this District.

dispensation to file submissions electronically in this case.   The motion for access to the electronic filing system and waiver of associated fees is **DENIED** for the reasons previously articulated by the Magistrate Judge.   (*See* doc. 5 at 1–2.)

Plaintiff's motion for leave to amend must also be denied.   The Court is obligated to "freely give leave [to amend] when justice so requires."   Fed. R. Civ. P. 15(a)(2).   No such demand is made in this case.   Plaintiff has been granted multiple opportunities to amend his complaint.   More than four months elapsed between the Court's order directing plaintiff to amend and its recommendation of dismissal.   (Doc. 5 (October 6, 2020); doc. 8 (February 12, 2021)). The Court then gave Plaintiff an additional opportunity through the Report and Recommendation. (Doc. 8 at 4 n.1 (advising Plaintiff that he could submit an amended complaint during the objections period)).   Despite these opportunities, Plaintiff failed to timely amend.

Even if the amendment were proper, the proposed amended complaint, to the extent that it is more than a patchwork of thoughts, is not viable.   Rather than clarifying the original filing, it begins by objecting to an unidentified standing order as violating the Crime Victims' Rights Act, 18 U.S.C. § 3771(b)(1), a statute that is wholly unrelated to the instant case, and discussing access of crime victims to facility dogs in court.[5]   (Doc. 12 at 1–3).   It then attempts to bring suit against various employees and judges of the Southern District of Georgia, including the acting Clerk of Court, Chief Judge J. Randall Hall, the assigned Magistrate Judge Christopher Ray, two unknown U.S. Marshals, and the undersigned, alleging a deprivation of rights—at least in part due to the Court's denial of access to its electronic filing system—an unlawful taking related to the Court's

---

[5]   The early pages of plaintiff's amended complaint retain the tell-tale signs of having been taken from a prepared template or form.   The text contains placeholders for case specific information, such as "[name of city]."   *See* doc. 12 at 1.   Phantom footnotes haunt the text without any accompanying citation or elaboration.   *See id.* at 1–3.   Though there is only one plaintiff in this case, he is referred to in the text as a plural and as representing the interests of a broader class.   *Id.* at 1–2.   What is missing from the section is any indication as to why plaintiff believed it to be relevant to this case.

dismissal of another case brought by plaintiff, and a violation of the Second Amendment right to bear arms under the policies and practices of mystery police department.   (Doc. 12).   Among the relief sought is $10,000,000 for, in part, survival damages—though Plaintiff has not alleged a decease—$80,000,000 in punitive damages, and the initiation of an investigation into alleged fraud in the Ninth Circuit.   (*Id*. at 27–29.)

Plaintiff's new claims cannot be added to the pending case.   Claims may only be combined in a single action if they derive from the same transaction or occurrence and if there is a common question of law or fact.   Fed. R. Civ. P. 20(a)(2).   The only commonality with the original pleading appears to be the involvement of two unnamed U.S. Marshals.   To the extent that there is any overlap between the defendants, the new claims arise from events distinct from those precipitating the original complaint, specifically unfavorable rulings in this and a related case. Also, the proposed amendment retains many of the elements of a shotgun pleading previously identified by the Court, including being "replete with conclusory, vague, and immaterial facts" and "asserting multiple claims against multiple defendants without specifying which defendant allegedly committed the claim."   (Doc. 5 at 2, citing Adams v. Huntsville Hosp., 819 F. App'x 836, 838 (11th Cir. 2020).)   As the motion to amend is untimely and the proposed amendment would be dead-on-arrival, the motion for leave to amend is **DENIED**.

Accordingly, as Plaintiff demonstrated a willful disregard of this Court's Order by failing to timely comply with the Court's directive to amend his shotgun pleading, the Court **ADOPTS** the Report and Recommendation (doc. 8) as its opinion.   Plaintiff's *Emergency Motion for Additional Time to File Objection to Report and Recommendation and Request Emergency Motion Relief Under the Crime Victim Rights Act for Legal Assistance* (doc. 11) and *Emergency Request to Enjoin State and Federal Court Proceedings Pursuant to Writs 28 U.S.C. § 1651 and*

*Emergency Request for an Emergency Protective Order Application for any Type of Bond to Grant Relief Requested in this Motion* (doc. 13) are **DENIED**.    Because no sanction less than dismissal with prejudice will suffice to remedy Plaintiff's repeated and willful disregard of the Court's directive, the Court **DISMISSES** this action.   The Clerk of Court is **DIRECTED** to **CLOSE** this case and to enter the appropriate judgment of dismissal.

   **SO ORDERED**, this 15th day of March, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA